IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05cv238-C

| | |
|---|---|
| WILLIAM L. PENDER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| Vs. | ) |
| | ) |
| BANK OF AMERICA CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the court upon plaintiffs' David McCorkle's and William Pender's Motion for Partial Summary Judgment on Counts I, II and IV of the Second Amended Complaint (#134) and the Bank of America defendants' "Expedited Motion of Bank of America (hereinafter "BOA") Defendants to Stay Briefing and Resolution of Plaintiffs' Motion for Partial Summary Judgment on Counts I, II and IV of the Second Amended Complaint (#137). The parties have fully briefed BOA's motion, and plaintiffs have stated that "[i]f the Court would prefer to consider Plaintiffs' motion at a later point in these proceedings, Plaintiffs certainly would not object." Plaintiff's Opposition, at 5.

A motion for summary judgment may be made at any time after 20 days have past since the commencement of the action. Fed.R.Civ.P. 56(a). Plaintiffs' motion for summary judgment is, therefore, timely. Id. The question raised by BOA's motion to stay is, however, whether now is the appropriate time to consider such a motion inasmuch as motions to dismiss have yet to be resolved and discovery has yet to be taken. BOA represents that its

1

Motion to Dismiss presents a number of threshold concerns which must be addressed before the court can consider plaintiff's motion for partial summary judgment on what appears to be an issue (but not a substantive claim)[1] in the case - - the validity of the "normal retirement age" set by BOA. The threshold issues raised by BOA concern plaintiffs' standing and exhaustion of administrative remedies, which may well concern the court's jurisdiction. See Gayle v. United Parcel Service, Inc., 401 F.3d 222, 226 (4th Cir. 2005) ("An ERISA welfare benefit plan participant must both pursue and exhaust plan remedies before gaining access to the federal courts.")(citation omitted).

While plaintiffs and BOA have presented meritorious arguments as to why this issue should be resolved now and why it should be stayed, the court is guided by Rule 56(f), Federal Rules of Civil Procedure, and cases interpreting such provision. Where summary judgment is sought before the conclusion of discovery, the Court of Appeals for the Fourth Circuit held in Evans v. Technologies Applications & Service Co., 80 F.3d 954 (4th Cir. 1996), as follows:

> As a general rule, summary judgment is appropriate only after "adequate time for discovery." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Temkin v. Frederick County Comm'rs, 945 F.2d 716, 719 (4th Cir.1991), cert. denied, 502 U.S. 1095, 112 S.Ct. 1172, 117 L.Ed.2d 417 (1992). "[S]ummary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Anderson, 477 U.S. at 250 n. 5, 106 S.Ct. at 2511 n. 5.

---

[1] A party may seek summary judgment as to any "claim, counterclaim, or cross-claim . . . in the party's favor upon all or any part thereof." Fed.R.Civ.P. 56(a).

**2**

Id., at 961. The "discovery rule" is not automatic; instead, a party resisting summary judgment must move for a continuance of consideration of the summary judgment motion under Rule 56(f):

> We have held that the nonmoving party cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery or moved for a continuance to permit discovery before the district court ruled. See Nguyen, 44 F.3d at 242. Federal Rule of Civil Procedure 56(f) permits a court to deny summary judgment or to order a continuance if the nonmovant shows through affidavits that it could not properly oppose a motion for summary judgment without a chance to conduct discovery. We, like other reviewing courts, place great weight on the Rule 56(f) affidavit, believing that "[a] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit." Nguyen, 44 F.3d at 242 (citing Hayes v. North State Law Enforcement Officers Ass'n, 10 F.3d 207, 215 (4th Cir.1993)); see also Rohrbough v. Wyeth Labs., Inc., 916 F.2d 970, 972 n. 3 (4th Cir.1990) (if plaintiffs arguing that summary judgment was premature because they had inadequate time for discovery were "genuinely concerned," then they should have sought relief under Rule 56(f)). The Second Circuit Court of Appeals has similarly explained that "[a] reference to Rule 56(f) and to the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56(f) affidavit ... and the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir.1994) (internal citations omitted).

Id. Having carefully considered plaintiff David McCorkle's and William Pender's Motion for partial Summary Judgment on Counts I, II and IV of the Second Amended Complaint and reviewed the pleadings, and compared that motion with BOA's motion seeking a stay of consideration, the court determines that threshold issues exist which should be resolved

before reaching the issue raised in plaintiffs' motion. Further, discovery and development of the record will assist the court in resolving the issue presented. Finally, inasmuch as this appears to be a most complex case and the resources of this court are most limited, the court determines that the interests of judicial economy are best served by considering the issue presented in the context of a consolidated motion for summary judgment coming at the close of discovery.

BOA's motion will be allowed. Rather than stay the motion for summary judgment, which creates the appearance of undue judicial delay, the court will administratively deny plaintiffs' motion without prejudice as to refiling at the conclusion of discovery.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Bank of America defendants' Expedited Motion of Bank of America (hereinafter "BOA") Defendants to Stay Briefing and Resolution of Plaintiffs' Motion for Partial Summary Judgment on Counts I, II and IV of the Second Amended Complaint (#137) is **GRANTED** and plaintiffs' David McCorkle's and William Pender's Motion for Partial Summary Judgment on Counts I, II and IV of the Second Amended Complaint (#134) is **DENIED WITHOUT PREJUDICE** as to refiling at the conclusion of discovery**.**

**Signed: October 12, 2005**

*signature*

Dennis L. Howell
United States Magistrate Judge