**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05 CV 00238**

WILLIAM L. PENDER, et al., )
)
)
Plaintiffs, )
) **STIPULATED PROTECTIVE ORDER**
vs. )
)
BANK OF AMERICA CORP., et al., )
)
Defendants. )
)

WHEREAS, the discovery in this Litigation will require the production and disclosure of confidential documents and information that is in the possession, custody, or control of a Producing Entity (defined below).

WHEREFORE, to expedite the production of discovery material, facilitate the prompt resolution of disputes over confidentiality, and protect material entitled to be confidential, it is hereby ordered pursuant to Federal Rule 26(c) and Local Rule 5.1, and by agreement of the parties that as set forth below and for good cause, the Parties to the Litigation, as well as their employees, agents, attorneys, and representatives, shall comply with the terms and procedures set forth herein with respect to documents and other information that is produced or disclosed in the Litigation.

1. All documents and information produced by any Party or Non-Party during the course of the Litigation, irrespective of whether it is designated as "Confidential Information," shall be used solely for the purpose of this Litigation.

2. <u>Definitions</u>.

(a) "Confidential Information" shall mean all documents and information, with the exception of materials identified in Section 2(e)(i)-(iii), below, that (i) contain any non-public information concerning a current or former participant or beneficiary (collectively, "participant"), including, but not limited to, a participant's Personal Identifiers or information pertaining to the amount of or calculation of a participant's benefits, or (ii) any Producing Entity believes in good faith contains trade secrets, confidential research, development or commercial information, information relating to plan design, plan investments, business or competitive strategy, financial data, audit materials, or any other information entitled to protection under the Federal Rules of Civil Procedure or applicable law. The definition of "Confidential Information" shall include any data or notes that are derived from Confidential Information, as well any documents or information that contain or summarize Confidential Information shall also be deemed Confidential Information. In the event that a Party challenges the designation pursuant to Section 6, below, the ultimate determination of whether a document or information is "Confidential" shall be made by the Court.

(b) "Designating Entity" shall mean any Party or Producing Entity that designates Discovery Material as Confidential Information.

(c) "Discovery Material" shall mean any or all documents and/or information produced to a Receiving Party, whether pursuant to the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Court for the Western District of North Carolina, statute, subpoena, agreement or otherwise. Such material includes but is not limited to documents produced pursuant to Fed. R. Civ. P. 34

or 45, interrogatory answers produced under Fed. R. Civ. P. 33, answers to requests for admissions produced under Fed. R. Civ. P. 36, and deposition testimony given pursuant to Fed. R. Civ. P. 30 or other testimony given at any court hearing or trial.

(d) "Litigation" shall mean the above-captioned action pending in the United States District Court for the Western District of North Carolina, including any appellate proceedings.

(e) "Non-Confidential Information" shall mean documents and information to the extent that they do not constitute or contain Confidential Information. Such Non-Confidential Information includes:

    (i) Documents and/or information that were or are lawfully in the public domain, publicly disseminated, or publicly available prior to or independently of the discovery process of this Litigation;

    (ii) Documents and/or information that is or was available upon request or otherwise available to participants of an employee benefit plan governed by ERISA under ERISA § 104(b)(2), (b)(4), 29 U.S.C. § 1024(b)(2), (b)(4) (excluding information about participants that falls within the scope of Section 2(a)(i)) independently of the discovery process of this Litigation, including plan documents and participant communications; and

    (iii) At Plaintiff Pender or McCorkle's election, their individual account statements and Personal Identifiers.

(f) "Non-Party" shall refer to any person or entity that produces Discovery Material that is not a Party to the Litigation.

(g) "Party" shall refer to any party to the Litigation.

(h) "Personal Identifiers" means information which would reveal the identity of a participant of an employee benefit plan, such as the participant's name, address, date of birth, telephone number, e-mail address, or social security number.

3

(i) "Privilege" shall collectively refer to the attorney-client privilege, the attorney work product doctrine, or any other legally recognized privilege or doctrine that may apply to documents and information subject to this Protective Order.

(j) "Producing Entity" shall mean any Party or Non-Party that produces Discovery Material to any Party in the Litigation.

(k) "Receiving Party" shall mean any Party who receives Discovery Material in the Litigation.

3. Labeling of Confidential Information.

(a) A Producing Entity that produces a document that contains or reflects Confidential Information shall mark the document as "Confidential." If a Producing Entity inadvertently produces a document containing Confidential Information without marking it "Confidential," the Producing Entity may subsequently designate the document as Confidential by providing all Parties with written notice of the designation and an identification of each document or item of information claimed to be Confidential. For purposes of this provision, providing a beginning and ending bates range of the affected pages shall suffice.

(b) Stamping a "Confidential" legend on the cover of any multi-page document shall be sufficient to designate the entire document as Confidential.

(c) A Party may designate information disclosed in response to a written discovery request (e.g., interrogatory responses) as Confidential by so indicating in the written response.

(d) A Party may designate material as Confidential whether or not it produced the Confidential Material.

4. <u>Inadvertent Production of Privileged Information</u>.

(a) Subject to any ruling by the Court to the contrary, the inadvertent production of any document or information subject to a Privilege is not intended to be, and shall not operate as, a waiver of any such Privilege, in whole or in part by any Producing Entity. Nor is any such inadvertent production intended to be, nor shall it constitute, a waiver of any right by a Producing Entity to object to the use of the document or of the information contained therein.

(b) Within ten (10) business days of receiving written notice of the inadvertent production, the Receiving Party shall return all Discovery Material that is subject to a claim of Privilege to the Producing Party. If prior to receiving notice of an inadvertent production, the Receiving Party has disclosed the information to any other person or entity, the Receiving Party shall arrange for retrieval and return of the Privileged documents or information from that person or entity. In the event that there is a dispute as to whether the Discovery Material is protected by a Privilege, the Receiving Party shall not use the Discovery Material or share it with any other person or entity unless and until this Court rules that the Discovery Material is not protected by any Privilege.

(c) No provisions of this Protective Order shall be construed to require the production of any documents or information that is protected by any Privilege.

5. <u>Deposition Testimony</u>.

(b) All deposition testimony and exhibits that disclose or reference Confidential Information shall be treated as Confidential pursuant to this Protective

5

Order. Testimony of a Non-Party deponent may be designated as Confidential by a Party or the deponent (including the deponent's attorney or representative).

(c) If, during a deposition, a question calls for an answer that any Party claims is Confidential Information, the Party may request any person who is not authorized to receive Confidential Information to leave the room during that portion of the testimony.

6. <u>Challenging the Confidential Designation</u>. If a Party contends that any Discovery Material that is designated as Confidential does not contain Confidential Information, the Party (referred to as the "Challenging Party") shall give written notice of the challenge to the Designating Entity. After the Challenging Party provides such written notice, the Challenging Party and the Designating Entity shall attempt to resolve the issue through a meet and confer conference. If the matter is not resolved pursuant to a meet and confer conference, the Challenging Party may file a motion. The Designating Entity and any Party shall have fourteen (14) days to file a brief in opposition to the motion. The Receiving Party shall treat the Discovery Material as Confidential under the Terms of this Protective Order (1) unless the Designating Entity and other Parties agree otherwise, or (2) unless and until this Court rules that the Discovery Material is not Confidential.

7. <u>No Restrictions on the Use of Information That is Already in a Party's Possession, Custody, or Control.</u>

Nothing in this Protective Order shall place any restrictions on the use or disclosure of any documents or information that were lawfully in the possession, custody, or control of any Party, its affiliates, or its agents prior to or independently of the discovery process in this Litigation.

8. <u>Permissible Disclosures and Uses of Confidential Information.</u>

(a) Discovery Material designated as "Confidential" may be disclosed by the Receiving Party to the following persons or entities:

 (i) the Court and its personnel, including, but not limited to, court reporters and any mediators;

 (ii) Counsel to the Parties, members of their law firms, and the law firm's paralegal and clerical personnel, agents, contractors, or sub-contractors who are employed, engaged or retained by such counsel to assist in the prosecution or defense in this Litigation;

 (iii) any person who is indicated on the face of the document to have been an author, addressee, or copy recipient;

 (iv) any person or entity retained by a Party to provide litigation support services, including, but not limited to, copy vendors and graphic artists;

 (v) a Party's insurers; and

    (vi) any other person or entity selected by the Designating Entity or authorized by an order of this Court.

 (b) Unless the disclosure falls within the scope of Paragraph 7 or 8(a), Confidential Information may be disclosed to the following persons or entities only after they have executed the Certification attached hereto as Exhibit A:

    (i) Parties to the Litigation, including their officers, directors, partners, and employees;

    (ii) consultants and experts retained by any Party; and

    (iii) actual or potential deposition or trial witnesses (and their counsel). When such information is revealed for the first time at deposition or trial, the witness will be asked to sign the Certification before or during the next scheduled break in testimony.

9. No Receiving Party will disclose, describe, or otherwise communicate Confidential Material except as permitted by this Protective Order or as ordered by the Court.

10. <u>Unauthorized Disclosure</u>. In the event that Confidential Information is disclosed to any person or entity not authorized to receive such information under the terms of this Protective Order, the Party responsible for having made (or who otherwise has knowledge of) the disclosure shall (1) inform counsel for all Parties and the Designating Entity of the disclosure within three (3) business days of learning of the disclosure, and (2) advise counsel for all Parties and the Designating Entity of the nature and circumstances of the disclosure. The Party responsible for the disclosure shall arrange for the return of the Confidential Information and shall take measures necessary to prevent any additional unauthorized disclosure.

11. <u>Filing Papers with the Court</u>. Unless the disclosure falls within the scope of Paragraph 7, absent the written consent of the Designating Party and opposing counsel, if Confidential Information is filed with the Court, it shall be filed under seal and shall remain sealed so long as it retains its status as Confidential Information. Information filed under seal shall not be filed electronically, but shall be filed in sealed envelopes or other appropriate sealed containers in accordance with Local Rule 5.1(D)(3) and the Case Management Order.

12. <u>Confidential Information at Trial or Hearing</u>. Subject to the Federal Rules of Evidence, Confidential Information may be offered in evidence at trial or at any Court hearing, provided that the proponent of the evidence gives advance written notice to the Designating Entity and all counsel of record at the time that pre-trial or pre-hearing filings or disclosures are due. A Party may move the Court for an Order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure of the Confidential Information. The Court will determine what protection the proffered evidence will be afforded at a trial or hearing. Nothing in this Paragraph, however, shall restrict a Party's ability to use Confidential Information in a manner permitted by Paragraph 7.

13. <u>No Waiver</u>. The disclosure of Confidential Information shall not be construed as a waiver of the confidentiality of the information or of any objections to the relevancy, discoverability or the admissibility of the Confidential Information. In addition, any inadvertent, unintentional or *in camera* disclosure of Confidential Information shall not be deemed a waiver, in whole or in part, of any claim of confidentiality.

14. <u>Return or Destruction of Confidential Information</u>. The ultimate disposition of Confidential Information shall be subject to a final order of this Court upon the completion of the Litigation as to all Parties and claims, including any appeals (the "final disposition"). Unless this Court orders to the contrary, a Party in the possession of Confidential Information shall, no later than 30 days after the final disposition of this Litigation, either (1) return the Confidential Information to counsel for the Producing Entity, or (2) with the written consent of the Producing Entity, destroy the Confidential Information and provide the Producing Entity and all counsel of record with a certificate of destruction, with the exception of copies of any court papers filed with the Court that were not required to be filed under seal.

15. <u>Third-Party Attempts to Compel Disclosures</u>. If any Party receives a subpoena or other process from any third-party seeking production of Confidential Information, that Party shall give written notice to the Designating Entity and all counsel of record within three (3) business days of receiving the subpoena or other process. The Party shall also produce a copy of the subpoena or other process to the Designating Entity and all counsel of record. Absent a court order to the contrary, no disclosure of Confidential Information may be made pursuant to the subpoena or other process until

the Designating Entity and the Parties have had a reasonable opportunity to seek to quash such subpoena or process.

16. Nothing in this Order shall prevent or prejudice any Party, Producing Entity or Designating Entity from seeking to modify this Order either to obtain additional protection with respect to the use or disclosure of Confidential Information or to ensure that Confidential protection is afforded only to material so entitled.

17. Headings contained herein are for convenience only and do not control the interpretation of the Protective Order.

18. The provisions of this Protective Order shall survive the conclusion of the Litigation unless otherwise agreed in writing by the Parties or ordered by the Court.

19. Each person to whom Confidential Information is made available under the terms of this Protective Order consents to jurisdiction of the Court to enforce its terms.

SO STIPULATED AND AGREED:

_/s/ P. M. Brenner_
Peter J. Covington (NC State Bar No. 9175)
Irving M. Brenner (NC State Bar No. 15483)
HELMS MULLIS & WICKER, PLLC
201 North Tryon Street
P.O. Box 31247
Charlotte, NC 28282
(704) 343-2000

William F. Conlon
Priscilla E. Ryan
Jeffrey R. Tone
Anne E. Rea
Erin E. Kelly
SIDLEY AUSTIN BROWN & WOOD LLP
10 South Dearborn Street
Chicago, IL 60603
(312) 853-7000

_/s/ Mark W. Merritt_
Mark W. Merritt (NC State Bar No. 12198)
ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street
Suite 1900
Charlotte, NC 28246

Robert J. Kopecky
KIRKLAND & ELLIS LLP
200 East Randolph Street
Suite 5800
Chicago, IL 60601

_/s/ F. Lane Williamson_
F. Lane Williamson (NC State Bar No. 8568)
Thomas D. Garlitz (NC State Bar No. 8277)
GARLITZ & WILLIAMSON, PLLC
212 South Tryon, Suite 930
Charlotte, NC 28281
(704) 372-1282

Eli Gottesdiener
GOTTESDIENER LAW FIRM, PLLC
498 7th Street
Brooklyn, NY 11215
(718) 788-1500

DATED: November 21, 2005

**ENTERED:**

_/s/ Graham C. Mullen_
**The Honorable Graham Mullen**
**United States District Judge**