IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-CV-238-MU

| | | |
|---|---|---|
| WILLIAM L. PENDER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BANK OF AMERICA CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

THIS MATTER is before the Court on Plaintiffs' Motion for Reconsideration of the Order Dismissing Count Three and/or For Leave to Amend Count Three. [D.I. 243]. For the reasons laid out below, the Plaintiffs' Motion is **DENIED**.

I. Background

The Court assumes a familiarity with the facts of the case, which are laid out in detail in the Court's Amended Order on the Defendants' Motion to Dismiss. [D.I. 256]. Count Three alleges that Bank of America Corporation's Cash Balance Plan (the "Plan" or the "BAC Plan") violates ERISA's anti-backloading rules. ERISA requires that "benefits accrue roughly pro rata over the course of an employee's career, rather than being heavily back weighted." (3d Am. Comp., Doc. 145 at ¶ 80 (citing ERISA § 204(b)(1)(A)-(C), 29 U.S.C. § 1054(b)(1)(A)-(C), 26 U.S.C. § 411(b)(1)(A)-(C))). There are three methods under which backloading is tested. The Plaintiffs contend, and the Defendants do not dispute, that the 133 1/3% test set forward in ERISA § 204(b)(1)(B) applies to the Plan.

> A defined benefit plan satisfies the requirements of this paragraph of a particular plan year if under the plan the accrued benefit payable at the normal retirement age is equal to the normal retirement benefit and the annual rate at which any individual who is or could be a participant can accrue the retirement benefits payable at normal retirement age under the plan for any later plan year is not more than 133 1/3 percent of the annual rate at which he can accrue benefits for any plan year beginning on or after such particular plan year and before such later plan year." ERISA § 204(b)(1)(B), 29 U.S.C. § 1054(b)(1)(B); see also Carollo v. Cement & Concrete Workers Dist. Council Pension Plan, 964 F.Supp. 677, 681 (E.D.N.Y. 1997) (explaining that the 133 1/3% Rule is satisfied so long as the pension benefits accrue ratably and participants receive each year a definite portion of their projected benefit and that the rate of accrual does not, in any given year, increase by more than 33 1/3%.).

Count Three was dismissed in the Court's August 25, 2010 Order, in part because Plaintiffs' counsel conceded that Count Three fails if the Plan's Normal Retirement Age ("NRA") is valid. Plaintiffs now argue the Court overlooked an alternative basis for finding the NRA invalid under Count Three.

II. Motion for Reconsideration

Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" may be revisited by the court at any time before an entry of final judgment. Fed. R. Civ. P. 54(b). Rule 54 does not set out a standard for reconsideration of interlocutory orders, like the one at issue here. The Fourth Circuit has held that a motion for reconsideration under Rule 54 is not subject to the same "strict standards" applicable to motions for reconsideration of a final judgment. Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003). Though motions for reconsideration of interlocutory orders are subject to a lower standard, they are appropriately granted only in narrow circumstances: (1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear

2

error or prevent manifest injustice.  See Akeva, L.L.C. v. Adidas America, Inc., 385 F. Supp. 2d 559, 565 (M.D.N.C. 2005).  None of these circumstances are met here.  The Plaintiffs are attempting to re-litigate the same issues that have already been decided.  Plaintiffs do not have new evidence that has been presented to the Court and have not shown a change in the controlling law.  Plaintiffs have not demonstrated a clear error or a need to prevent a manifest injustice.  The Court did not misapprehend their arguments; Plaintiffs' arguments on the validity of the NRA under Counts I and III were heard, considered and rejected.

The Plaintiffs are attempting to change the slant of their argument in the wake of a ruling against them.  "Reconsideration by re-argument is not proper under Rule 54."  Faris v. SFX Entm't, Inc., 2006 WL 3690632 at *8 (W.D.N.C. Dec. 12, 2006).  The notion Plaintiffs put forward that the NRA is valid under ERISA § 3(24) but not for purposes of the backloading statute is not logical and could not be the result that Congress intended.  As Defendants argue, ERISA resolves the issue of the backloading tests necessary reliance on unknown, future factors by stating that "all . . . relevant factors used to compute benefits shall be treated as remaining constant as of the current year for all years after the current year."  ERISA § 204(b)(1)(B)(iv); 29 U.S.C. § 1054(b)(1)(B)(iv); see also 26 C.F.R. § 1.411(b)-1(b)(2)(ii)(D) (for application to the 133 1/3% test).  Employment status is a fluctuating, unknown factor that may be held constant for purposes of the backloading test.  Once that status is held constant, as the Defendants posit, the employee's accrued benefit may be calculated.  As the Plaintiffs point out, this test must be met each year, and thus a change in employment status may later be figured into the equation to account for changes.  Plaintiffs' reliance on Carollo v. Cement & Concrete Workers Dist. Council Pension Plan is misplaced.  964 F.Supp. 677 (E.D.N.Y. 1997).  The issue in Carollo was

whether the Plan's provision that employees who had worked for twenty-five consecutive years received a benefit calculated using a higher *base* (the actual salary amount used in the calculation) than those who had not was valid under the backloading rules or under Treasury Regulation § 1.411(b)-1(b)(2)(ii)(F). The Plan does not change the employee's base calculation based on years of service. The IRS Notice upon which Plaintiffs rely is also uncompelling because it is a prospective notice, applying to new 2007 regulations. See Notice 2007-69, 2007-35 I.R.B., 2007 WL 2285348 (Aug. 27, 2008). The litigation here surrounds a finite period of time before the Notice was released or became applicable.

III. Motion to Amend

As Defendants point out, the arguments upon which Plaintiffs rely in their Motion are already in the Plaintiff's Complaint and have been raised in earlier briefs. The Court has already considered and rejected these arguments; nothing in Plaintiffs' Motion demonstrates new information or arguments that need be added to the Complaint. Plaintiffs concede their arguments on Count III's illegal backloading were already included in their earlier pleadings. As a result, an amendment would be futile because Plaintiffs have not added a new ground upon which relief would be granted and would not survive a second motion to dismiss. See Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010). For the foregoing reasons, the Plaintiffs' Motion is **DENIED**.

**SO ORDERED.**

Signed: January 7, 2011

Graham C. Mullen
United States District Judge