IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05 CV 00238-C

| | |
|---|---|
| WILLIAM L. PENDER, et al., ) <br> ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> BANK OF AMERICA CORP., et al., ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | **MEMORANDUM OF LAW IN SUPPORT OF BANK OF AMERICA DEFENDANTS' MOTION TO DISMISS COUNT FOUR OF PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

In support of their Motion to Dismiss Count Four of Plaintiffs' Fourth Amended Class Action Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Bank of America Corporation, Bank of America, N.A., The Bank of America Pension Plan, The Bank of America 401(k) Plan, Bank of America Corporation Corporate Benefits Committee, The Bank of America Transferred Savings Account Plan, and the individual defendants (collectively, "Defendants") state as follows:

**I.     Plaintiffs Now Assert For The First Time That The Fourth Amended Complaint Alleges New Fiduciary Claims Based On The Pension Plan's Normal Retirement Age.**

On October 7, 2010, Plaintiffs requested leave to file the Fourth Amended Complaint ("FAC") which added approximately nine pages of allegations to Plaintiffs' 33-page Third Amended Complaint. (Dkt. 248, Ex. 1.) Plaintiffs never informed the Court or Defendants that their proposed FAC added new claims. To the contrary, Plaintiffs provided the Court with what appeared to be an exhaustive list of reasons for the amendment without suggesting the addition of a new claim as a basis. They asserted a need "to update the allegations relating to Count Four … concerning the 401(k) transfers, to reflect events that transpired after the [Third Amended]

Complaint was filed five years ago," to "conform the Class definitions to those certified by the Court," and to "simplify the Prayer for Relief; and make certain other housekeeping/technical revisions." (Dkt. 248 at 1-2, 4.) In short, the amendment was presented as necessary to update certain facts and perform modest housecleaning, and not as the basis for adding substantive claims.

Defendants opposed Plaintiffs' request for leave on the ground that it was unnecessary to add more verbiage to their already detailed and lengthy complaint, particularly given Defendants' understanding that Plaintiffs were not seeking to add any new claims. (Dkt. 253 at 1-2.) In reply, Plaintiffs defended their additional allegations but nowhere suggested that they were adding new claims. (Dkt. 255.)

Only now, after the Court granted Plaintiffs' motion, have Plaintiffs announced that the FAC purports to add new claims. Specifically, in their recent Motion for Entry of Final Judgment (Dkt. 261), Plaintiffs assert that the FAC adds new claims for breach of fiduciary duty based on the Pension Plan's normal retirement age.

*First*, Plaintiffs assert that new Paragraph 42 of the FAC "alleges that the fiduciaries of the 401(k) and Pension Plans breached their duties of prudence and loyalty … because … they knew or should have known that the transaction constituted a transfer of participant assets into the proverbial lion's den: a Pension Plan that intended to calculate benefits and determine benefit distribution options **by reference to a potentially-unlawful Normal Retirement Date.**" (Dkt. 261 at 7-8) (emphasis added).

*Second*, Plaintiffs assert that Paragraph 42 "alleges that the fiduciaries of the Pension Plan **breached their duties by implementing the service-based NRD** … even though they knew or should have known that the NRD was at significant risk of being struck down as unlawful." (*Id*. at 8) (emphasis added).

2

*Third*, Plaintiffs assert that Paragraph 42 "alleges that the fiduciaries of the Pension Plan ***breached their duties when they implemented the service-based NRD*** because they knew or should have known that it would likely require the Pension Plan to expend Plan assets defending the aggressive and potentially-unlawful NRD." (*Id.*) (emphasis added).

None of these claims existed in any of the prior complaints. While Plaintiffs previously (and unsuccessfully) challenged the validity of the Pension Plan's normal retirement age in connection with their whipsaw and backloading claims asserted in Counts One and Three, Plaintiffs had never before attempted to allege *breach of fiduciary duty claims* based on the Pension Plan's normal retirement age.

Plaintiffs' purported addition of these claims in the FAC may well have missed this Court's attention: it certainly was not apparent to Defendants. According to Plaintiffs, the new claims under Count Four stem from Paragraph 42, under the heading "Allegations Related to the Transfer of Assets from the 401(k) Plan to the Pension Plan," which reads:

> The Bank Defendants adopted the Profit Producer strategy and implemented it even though they knew the asset transfers as PwC proposed them to be structured – including the concurrent amendment of the Pension Plan to adopt the low Normal Retirement Date described above which was perceived as integral to the success of the strategy because it permitted the Pension Plan to preserve 401(k) distribution options and facilitate the participant-directed notional account feature – were subject to challenge by the IRS and participants as inconsistent with the IRC, ERISA, IRS regulations and case law; even though they were aware that the arbitrage scheme would raise a conflict of interest between the Bank Defendant investment fiduciaries and participants because the Bank's profits would vary inversely with the performance of participants' hypothetical investments; even though they knew, as of 1998 and through the date they learned the IRS was indeed challenging the transfers, of not one other plan sponsor that had previously adopted and implemented such a strategy with IRS approval or acquiescence; and even though they received numerous private and public warnings that the transfers were unlawful or disloyal to their employees. Indeed, implementation of 401(k) transfers and the inter-related adoption of the low Normal Retirement Date, ultimately required the Bank Defendants to expend significant time and resources over many years defending the transfers and the Pension

3

> Plan's design features against inquiries, investigations, audits and similar challenges by the IRS and United States Treasury Department.

(FAC ¶ 42.) Defendants reasonably understood Paragraph 42 to relate to the transfers and not to allege completely new claims for breach of fiduciary duty based on the Pension Plan's normal retirement age. Nonetheless, Plaintiffs have now expressly, albeit belatedly, stated that the FAC asserts such new claims. Because such allegations cannot state a claim for breach of fiduciary duty, Defendants move to dismiss them.

## II.     Plaintiffs Acknowledge That Their New Claims Fail As A Matter Of Law.

These new allegations fail to state a claim for breach of fiduciary duty and should be dismissed. Significantly, Plaintiffs admit in their recent motion that each of these new claims fails because this Court has already held the Pension Plan's normal retirement age is lawful: "The alleged impropriety of the fiduciaries' conduct in these regards ultimately turns on the Pension Plan's NRD being unlawful." (*Id*.) *See also In re Duke Energy ERISA Litig*., 281 F. Supp. 2d 786, 795 (W.D.N.C. 2003) (Mullen, C.J.) (fiduciary claims predicated on violations of ERISA dismissed where underlying conduct held not to violate ERISA); *Parker v. BankAmerica Corp.*, No. C93-796C, 1993 WL 597135, at *4 (W.D. Wash. Nov. 10, 1993) ("plaintiffs' claim for breach of fiduciary duty necessarily fails as a result of the Court's conclusion that the Administrative Committee properly denied plaintiffs' claims for … benefits.")

Plaintiffs are wrong, however, in their assertion that this fiduciary claim could be resurrected should they secure a reversal on appeal of this Court's ruling that the Plan's normal retirement age is lawful. "To survive a motion to dismiss, a complaint must contain sufficient factual matter … to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citation and quotation marks omitted). Plaintiffs' allegations that the Defendants "knew or should have known" that the normal retirement age was "unlawful" are implausible. Fiduciaries owe duties of care, candor and loyalty, not infallibility. Five federal

4

judges (including this Court) have now held that a five-year normal retirement age is lawful under ERISA. Even if a panel of the Fourth Circuit were to disagree at some point in the future, given the weight of authority supporting Defendants' position a fiduciary could not possibly be liable for having failed to anticipate that result. In essence, Plaintiffs seek to impose strict liability on fiduciaries for any judicial determination later concluding that a Plan failed to comply with ERISA. The law underlying fiduciary liability does not support that viewpoint. *See, e.g., Frahm v. Equitable Life Assurance Soc'y*, 137 F.3d 955, 960 (7th Cir. 1998) (ERISA's fiduciary provisions "do[] not create a standard of absolute liability. A duty of care is not a duty of prevision.")

For the foregoing reasons, Defendants respectfully request that the Court enter an Order dismissing, with prejudice, the fiduciary claims of Count Four relating to the Pension Plan's normal retirement age, and grant such other and further relief as the Court may deem proper.

Dated: February 17, 2011

Respectfully submitted,

s/ Irving M. Brenner_____
Peter J. Covington (Atty. Bar Number 9175)
Irving M. Brenner (Atty. Bar Number 15483)
McGUIREWOODS LLP
201 North Tryon Street
Charlotte, NC 28202
(703) 343-2074

William F. Conlon
Anne E. Rea
J. Randal Wexler
Christopher K. Meyer
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

COUNSEL FOR BANK OF AMERICA DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2011, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following:

>Thomas D. Garlitz
>tgarlitz@gwattorneys.com
>
>Eli Gottesdiener
>eli@gottesdienerlaw.com

This the 17th day of February, 2011.

>s/ Irving M. Brenner
>Irving M. Brenner (Atty. Bar Number 15483)
>McGUIREWOODS LLP
>201 North Tryon Street
>Charlotte, NC 28202
>(703) 343-2000
>ibrenner@mcguirewoods.com