# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:05-CV-238-MU

| | |
|---|---|
| WILLIAM L. PENDER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| BANK OF AMERICA CORP., et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court upon Plaintiffs' Motion for Entry of Final Judgment as to Counts One and Three [D.I. 261] and Defendant's Response [D.I. 266]. For the reasons set forth herein, Plaintiffs' Motion is **GRANTED**. The Clerk is directed to enter final judgment on Counts One and Three; all matters in this case are **STAYED** pending the appeal.

Under Federal Rule of Civil Procedure 54(b), in a case involving multiple claims, the Court may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The District Court enjoys discretion in determining whether certain claims should be certified for appeal, keeping in mind the interests of judicial administration and efficiency. In deciding whether certification is appropriate, the Court is to apply a two part test: (1) decide whether the judgment is final as to the relevant claims, and (2) determine whether there is any just reason for delay in entering a judgment that may be immediately appealed. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7-8 (1980).

In this case, the Parties and the Court agree that Counts One and Three meet the first part of the test – they are final judgments as to those issues. The counts were dismissed on December 7,

1

2010 [D.I. 256] and the Court denied the Plaintiffs' Motion for Reconsideration as to those counts on January 7, 2011 [D.I. 257]. These orders definitively terminated these claims at the district court level and granted relief to the Defendants.

The Fourth Circuit has enunciated several factors for courts to consider in determining whether there is a "just reason for delay." These include "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1335-36 (4th Cir. 1993).

The Court is mindful that final judgments for fewer than all claims under Rule 54(b) are to be the exception and not the rule. Id. at 1335. In this case, though, the parties have agreed, and the Court concurs, that the factors support certification. First, the claims asserted in Counts One and Three are separate and distinct (except for a narrow overlap that the Plaintiffs claim exists) from those asserted in Count Four. Many members of the class asserting a claim for relief under Counts One and Three have no claim under Count Four. Second, the Court does not foresee circumstances or further developments at the district court level that will prevent the need for appellate review on Counts One and Three. Third, as the two claims are almost exclusively unrelated, there should be little chance of duplicative appeals. Fourth, there are no counterclaims pending. Last, miscellaneous factors support certification. Both sides have indicated to the Court their obvious interest in a speedy resolution of the case, and an appellate decision on Counts One and Three will

give some certainty to the parties. Though the Court notes the Parties' disagreement over the possibility of settlement if the appeal goes forward on Counts One and Three, the Court hopes and anticipates that certainty on these major issues would facilitate settlement discussions, or at least narrow the issues significantly for trial.

**SO ORDERED**.

Signed: May 26, 2011

Graham C. Mullen
United States District Judge