# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:05 CV 00238-GCM

| | |
|---|---|
| WILLIAM L. PENDER, et al., | ) |
| | ) |
| Plaintiffs, | ) **ORDER** |
| | ) |
| vs. | ) |
| | ) |
| BANK OF AMERICA CORP., et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court upon the Plaintiffs' Memorandum on the Substantive Admissibility of Plaintiffs' Expert Reports (Doc. 375) submitted on October 31, 2016 and the Defendants' Memorandum Regarding Substantive Admissibility of Expert Reports (Doc. 378) submitted November 3, 2016.

The Plaintiffs claim that their experts should be allowed to adopt their reports as part of their direct testimony and allow the introduction of those reports as substantive evidence. The Court declines to do so.

The Plaintiff's expert's reports are inadmissible hearsay. The Plaintiffs do not dispute that the expert reports are witness' prior out of court statements and these reports are being offered to prove the truth of the matter asserted. This fits neatly into the definition of inadmissible hearsay. Fed. R. Evid. 801. Applying Rules 801 and 802, courts around the country

have excluded expert reports offered to prove the truth of the matters asserted, as Plaintiffs' are, as inadmissible hearsay.[1]

While there are three narrow 801(d)(1) exceptions for hearsay, none render admissible a witness's prior consistent statement any time that a witness adopts those prior statements in testimony. *See* Fed. R. Evid. 801(d)(1)(A)–(C).

Additionally, in light of the live testimony of the experts, submitting the expert's reports as evidence is needlessly cumulative and thus are excluded under Rule 403. Fed. R. Evid. 403.

Furthermore, pursuant to Rule 611(a), the Court determines that excluding the expert's reports is more likely to make the examination of the witnesses more effective for determining the truth and avoid wasting time. Fed. R. Evid. 611(a).

**IT IS THEREFORE ORDERED** that the Plaintiff's expert's reports will not be allowed to be introduced as substantive evidence.

**SO ORDERED.**

---

[1] *See, e.g.*, *Page v. Va. State Bd. Of Elections*, No. 3:13CV678, 2015 WL 3604029, at *30 & n.42 (E.D. Va. Jun. 5, 2015) ("expert reports are hearsay and hence not admissible usually"); *Mahnke v. Washington Metro. Area Transit Auth.*, 821 F. Supp. 2d 125, 154 (D.D.C. 2011) ("medical reports prepared by experts and the CVs of expert witnesses are hearsay and are not admissible into evidence"); *Grand Acadian, Inc. v. United States*, 101 Fed. Cl. 398, 405 (2011) (expert report "is inadmissible because it is hearsay not within any exception"); *Alexie*, 2009 WL 160354, at *1 ("experts['] reports . . . . must be excluded pursu-ant to Rule 802"); *Sommerfield v. City of Chicago*, 254 F.R.D. 317, 329 (N.D. Ill. 2008) (expert reports are "hearsay in its most pristine form"); *Ake v. General Motors Corp.*, 942 F. Supp. 869, 878 (W.D.N.Y. 1996) ("the [expert] report is hearsay"); *accord Wilson v. Hartford Ins. Co. of the Midwest*, No. C10-993RAJ, 2011 WL 2670199, at *2 (W.D. Wash. Jul. 7, 2011); *In re WorldCom, Inc.*, 377 B.R. 77, 107 n.22 (Bankr. S.D.N.Y. 2007); *United States v. Kiewit Const. Co.*, No. A99459CVJWS, 2005 WL 1277953, at *10 (D. Alaska Jan. 3, 2005); *Westfed Holdings, Inc. v. United States*, 55 Fed. Cl. 544, 569 (2003) *rev'd in part on other grounds*, 407 F.3d 1352 (Fed. Cir. 2005).

Signed: November 4, 2016

Graham C. Mullen
United States District Judge